# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 11, 2012

## STATE OF TENNESSEE v. CONSTANCE ELAINE ARCHER

**Appeal from the Criminal Court for Davidson County**
**No. 2011-A-153    Monte Watkins, Judge**

---

**No. M2012-00154-CCA-R3-CD - Filed October 19, 2012**

---

The defendant, Constance Elaine Archer, was convicted of theft of property valued at $500 or less, a Class A misdemeanor, and criminal trespass, a Class C misdemeanor, and sentenced to an effective term of eleven months, twenty-nine days to be served on probation.  On appeal, she argues that the evidence is insufficient to sustain her convictions.  After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Jefre S. Goldtrap, Nashville, Tennessee, for the appellant, Constance Elaine Archer.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger Moore and Katherine Barnes, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant was charged with theft of property valued at $500 or less and criminal trespass for shoplifting over $200 worth of merchandise from a Kroger store in Madison, Tennessee, after she had been ordered to stay away from the store.

At trial, James Boyd, a loss prevention risk management employee with Kroger, testified that on September 15, 2010, he was assigned to Store No. 75 in Madison.  On that date, he observed the defendant put some makeup in her purse and other products in the eight

to ten reusable shopping bags she had with her. The defendant then went down another aisle of the store and started situating the bags inside of her shopping cart, which Boyd thought was unusual because she had not paid for anything at that point. Boyd called his partner and informed her of the situation. He next noticed the defendant walk to the back of the store to the pharmacy where she "did some sort of transaction . . . as far as getting some prescriptions." Boyd told his partner to go outside and wait on the sidewalk. The defendant then exited the store through the door beside the pharmacy, and Boyd followed her outside where he and his partner identified themselves. When Boyd stopped the defendant, she was outside in the foyer, and the front of her cart was "literally in the sidewalk." He denied that the defendant had been moving toward the U-Scan counter. The defendant then showed Boyd an old receipt, "trying to act like, basically, she had paid for it." Boyd informed the defendant that he knew she had not paid for the merchandise. The defendant was then escorted upstairs to the office, and the police were called. The defendant told Boyd that she had not received her social security check and had no means to pay for the merchandise. The defendant admitted to Boyd that she knew she was not supposed to be at the store. Boyd said that the merchandise in the defendant's possession totaled $225.27, and he identified a copy of the inventory of the merchandise, which was admitted into evidence.

Officer Robert Ruiz of the Metropolitan Nashville Police Department testified that he responded to a "possible shoplifter in custody" call on September 15, 2010, at the Kroger store. He went upstairs to the loss prevention office, and Boyd explained what had happened. The defendant had approximately $200 worth of merchandise and still had items in her purse that had not been paid for. The defendant was taken into custody and also charged with criminal trespassing. Officer Ruiz said the defendant did not appear upset and "cooperated the entire time."

Beth Halstead, a deputy clerk with the Davidson County Criminal Court Clerk's Office, identified a "stay-away order" entered in General Sessions Court Case No. SC621385 on March 22, 2005. Halstead said the defendant would have been present when the order was entered, and the order contained her signature. When asked from where the defendant was supposed to stay away, Halstead said, "Kroger," but she acknowledged on cross-examination that the order did not reflect that. Halstead further acknowledged that she was not present when the order was entered but said that a judge would not sign a disposition without the defendant being there. On redirect, she said that other documents pertaining to the stay-away order referenced Kroger.

The defendant testified that she went to the Kroger on September 15, 2010, to buy groceries because she had been out of town. When she finished shopping, she picked up her medications at the pharmacy and was headed toward the U-Scan counter to pay for her groceries when she was stopped and apprehended. She said she paid for her medications at

the pharmacy with her credit card and that she had enough money on the card to pay for her groceries that day. She said that her usual shopping practice was to take her own bags, fill them up, scan her items at checkout, and then put them back in her bags. She described herself as "[e]xtremely organized" and said that she made "everything very compartmentalized." She denied stealing anything from Kroger or going outside to the sidewalk. She denied showing Boyd an old receipt and said she showed him her receipt from the pharmacy.

The defendant acknowledged that she was only given a citation in Case No. SC621385 on March 22, 2005. She admitted that she also had been convicted of shoplifting from Kroger in another case on October 17, 2006, and said that she "went to jail with that one." She said she did not know that she had been prohibited from entering the Kroger store and did not recall signing a document telling her to stay away. However, she said she now was "real clear" that she was supposed to stay away from Kroger.

## ANALYSIS

On appeal, the defendant argues that the evidence is insufficient to sustain her convictions, saying that she was not at the Kroger store to steal anything and that she was unaware she had been banned from the store. When the sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). The same standard applies whether the finding of guilt is predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their

-3-

demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

For the theft conviction, the State had to prove beyond a reasonable doubt that the defendant, with the intent to deprive the owner of property, knowingly obtained or exercised control over property without the owner's effective consent and that the value of the property was $500 or less. Tenn. Code Ann. §§ 39-14-103(a), -105(1). Criminal trespass occurs when a person "enters or remains on property, or any portion of property, without the consent of the owner." Id. § 39-14-405(a).

Viewed in the light most favorable to the State, the proof established that the defendant entered the Kroger store in Madison on September 15, 2010, after having been ordered to stay away, and took merchandise totaling $225.27 out of the store through an exit door located next to the pharmacy. The defendant was observed by Kroger's loss prevention employee, James Boyd, placing the items of merchandise in her reusable shopping bags and in her purse. The defendant was apprehended outside the store in the foyer with her cart of merchandise "literally in the sidewalk." Although the defendant denied placing anything in her purse, Officer Ruiz testified that the defendant still had stolen items in her purse when he arrived on the scene. Furthermore, a "stay-away order" entered in general sessions court on March 22, 2005, was admitted into evidence and contained the defendant's signature although the defendant denied signing such a document. The deputy court clerk testified that the judge would not have signed the disposition order without the defendant being present. We conclude that the evidence is sufficient to support the defendant's convictions for theft of property valued at $500 or less and criminal trespass.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgments of the trial court

are affirmed.

_____
ALAN E. GLENN, JUDGE